Statement.

## Richmond.

### GARBER AND OTHERS v. SUTTON.

NOVEMBER 17, 1898.

Absent, Riely and Cardwell, JJ.

1. RESCISSION—*Encumbrances—Discharge before Vendee Entitled to Deed— Depreciation in Value.*—The existence of encumbrances on real estate prior to the time when the vendee has the right to demand a deed, but which are discharged by that time, is no ground for rescinding the contract of purchase, nor is the depreciation in the value of the property between the date of sale and the time when the vendee has the right to call for the title good ground for rescission.

2. STREETS AND ALLEYS.—*Reserved to Purchasers—Subsequent Closing.*—The use of streets and alleys shown on plats exhibited to purchasers, and reserved for their use and benefit, is unaffected by subsequent deeds of trust made by their vendor, and they cannot be closed to their detriment, without their consent.

Appeal from a decree of the Circuit Court of Rockingham county pronounced January 11, 1897, in two chancery suits heard together in which the appellants were the complainants, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*John E. Roller*, for the appellants.

*Conrad & Conrad*, for the appellee.

HARRISON, J., delivered the opinion of the court.

On the 27th of October, 1890, R. M. Sutton sold to D. S. Roller and Samuel Garber each a lot designated on a plat of the lands of the Valley Land and Improvement Company in the town of Luray. Each paid one third of the purchase money in cash, and agreed to pay the residue in equal instalments at six and twelve months. The first deferred instalment was also paid when it became due, the second and last instalment upon both lots remaining unpaid.

On the 9th of February, 1892, D. S. Roller and Samuel Garber made the following assignment to Joseph F. Roller: "For value received I hereby transfer, assign, and set over to Joseph F. Roller my right to look to R. M. Sutton, under my contract with him dated the 27th day of October, 1890, for the purchase money paid by me to the said Sutton thereunder." It appears that Joseph F. Roller was to pay, as the consideration for this assignment, whatever he might realize on each contract after the payment of all proper costs and expenses. Shortly after these assignments were executed Joseph F. Roller instituted a separate suit upon each, setting up his rights thereunder, and asking that the contract between R. M. Sutton and D. S. Roller in the one case, and said Sutton and Samuel Garber in the other, be wholly rescinded and annulled; that the last deferred and unpaid note due from each be declared cancelled and void, and that he might have a recovery from R. M. Sutton for the amount paid by each of his assignors on their respective purchases of said lots.

The bill in both cases alleges that the deed from the Valley Land and Improvement Company to R. M. Sutton was unauthorized by any corporate act of the company; that the lots were encumbered with liens by deed of trust, and judgments, to an extent beyond their value, and that for these reasons the deed to R. M. Sutton was worthless, and did not convey a good title.

To each of these bills R. M. Sutton filed an answer, to be treated as a cross bill, denying the allegations of the original

bill in support of the prayer for a rescission of the contract, and asking for a decree in both cases for the amount due on account of the last instalment of purchase money.

On the 11th of January, 1897, these two causes were, by consent of parties, heard together upon the report of a commissioner, which was based upon documentary evidence, and upon depositions, whereupon the court refused to rescind the contract in either case, and enforced the specific performance of both contracts by a decree in favor of appellee for the balance of purchase money due thereunder. There is no error in this decree to the prejudice of appellants.

As to the first ground of objection alleged, that the deed to R. M. Sutton from the Valley Land and Improvement Company was unauthorized by any corporate act of the company, no evidence has been adduced in its support, and the deed appears to be regular on its face, and free from objection.

The second ground of objection alleged, that encumbrances upon the lots sold appellants prevented appellee from making a good title, is not tenable. The deeds of trust given upon its property by the Valley Land and Improvement Company expressly reserve from their operation the lots theretofore sold, and it further appears that said deeds of trust, as well as all judgments against the Valley Land and Improvement Company, prior to its deed to R. M. Sutton, had been paid and released before the date of the decree complained of. There is no ground for the contention that the inability of appellee to make deeds free of encumbrance, entitled appellants to a rescission of the contracts for the reason that the lots in question, at the time these suits were brought, had so depreciated as to be of little or no value. An examination of the record shows that the contract of purchase provided for the execution of a deed upon the payment in full of the purchase money. The last deferred instalment of purchase money was not due until October 27, 1891, so that the assignors of Joseph F. Roller were not in a position to call for a deed until that date, and

hence could not have been affected by any encumbrance upon the property prior to that time. If it were true that encumbrances delayed deeds being made after October 27, 1891, appellants were not damaged thereby, for their own evidence abundantly shows that the depreciation in value occurred between the date of the purchase and August, 1891—two months before the last notes were due, or could have been demanded by appellee.

Though not alleged in the pleadings as ground for rescission, it is contended that because some of the streets and alleys embraced in the plat of the lands of the Valley Land and Improvement Company have been abolished by sales under deeds of trust, the appellants are entitled to a rescission of their contracts of purchase for the reason that they are thereby deprived of the use of those streets and alleys.

All lots previously sold by the company were, as already stated, expressly reserved from the operation of these deeds of trust, and hence the rights and privileges which appertained to the lots in question by virtue of the plat of the company, were not affected by said deeds of trust, and appellants still have the right, in a proper action, to assert their claim to the use and benefit of the streets and alleys in that portion of the lands sold under the same. The evidence shows that the streets and alleys abolished by these sales in no wise affect the use and enjoyment of the lots in question, and that all the streets and alleys necessary to the complete enjoyment of said lots remain as laid out on the plat of the company. This city on paper is one of the numerous speculative enterprises inaugurated about the time the transactions under consideration took place. The anticipated development utterly failed, and before the purchase money for the lots in question was all due, the whole scheme ended in disaster, without fault of the appellee, and without prejudice to his right to recover the purchase money which appellants contracted to pay.

For these reasons the decree appealed from must be affirmed.

*Affirmed.*